UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOBBY JEHU STROUP,<br><br>            Petitioner,<br><br>   v.<br><br>RENEE BAKER, et al.,<br><br>            Respondents. | Case No. 3:12-cv-00414-MMD-VPC<br><br>ORDER |

In this action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, petitioner has filed a second motion for enlargement of time (dkt. no. 35) requesting an additional thirty (30) days to file his "traverse" to the answer to his petition. Good cause appearing, the motion is granted. The reply brief (traverse) shall be filed no later than June 6, 2013.

Petitioner also seeks to supplement the previously denied motion for appointment of counsel (dkt. no. 34), suggesting that his recent discovery of case law related to procedural default and counsel on post-conviction warrants the Court's reconsideration of this motion. Petitioner cites to *Martinez v. Ryan,* 132 S.Ct. 1309 [(2012)]; and *Dickens v. Ryan,* 688 F.3d 1054 (9th Cir. 2012) to suggest that counsel is necessary to assist him to understand and utilize these recent holdings in litigating his habeas petition.

As petitioner was previously informed, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551,

555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). Appointment of counsel is required where the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

Petitioner raises a single claim for relief alleging that he was denied his right to a speedy trial. The issues presented and addressed in *Martinez* and *Dickens, supra.,* are not relevant to the issue raised in the petition or the defenses and analysis offered in the respondents' answer. Moreover, a review of the history of petitioner's litigation of his post-conviction proceedings reveals that petitioner was appointed counsel for those proceedings, but apparently refused to accept the advice and services of that counsel, resulting in his conducting an evidentiary hearing in *pro se*, but with the assistance of stand-by counsel. The same counsel who was appointed in the first instance to represent him during those proceedings. *See e.g.,* Exhibits 310, 312, 319, 326, 329, 334 and 387A-388C.

The Court has reviewed those documents and is convinced that petitioner has the intelligence and wherewithal to represent himself in these proceedings.

IT IS THEREFORE ORDERED that the motion for extension of time (dkt. no. 35) is GRANTED**.** The reply shall be filed no later than June 6, 2013. No further enlargements of time shall be granted absent a showing of unforeseen circumstances.

///
///
///
///
///

1     IT IS FURTHER ORDERED that petitioner's motion to supplement his motion for
2 counsel (dkt. no. 34) is GRANTED.  The motion for counsel (dkt. no. 32) remains
3 DENIED.
4     IT IS SO ORDERED.

6     DATED THIS 24th day of May 2013.

                                      MIRANDA M. DU
                                      UNITED STATES DISTRICT JUDGE