UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOBBY JEHU STROUP,<br><br>Petitioner,<br>v.<br><br>RENEE BAKER, et al.,<br><br>Respondents. | Case No. 3:12-cv-00414-MMD-VPC<br><br>ORDER |

Bobby Jehu Stroup, a prisoner at Nevada's Ely State Prison (ESP), in Ely, Nevada, is the pro se petitioner in this habeas corpus action. Stroup is serving four (4) life terms, without the possibility of parole, on convictions for two (2) first degree murders with the use of a deadly weapon.

Stroup submitted his federal habeas petition for filing on August 6, 2012, and it was filed on September 25, 2012, after he paid the filing fee. (*See* Order entered September 25, 2012 (dkt. no. 4); Petition for Writ of Habeas Corpus (dkt. no. 7).) Respondents filed an answer on January 17, 2013 (dkt. no. 12), and Stroup filed a reply on July 11, 2013 (dkt. no. 40). Stroup's habeas petition is, therefore, fully briefed and under submission to the Court.

On December 2, 2013, Stroup filed a "Motion for Order for Return of Legal Property" (dkt. no. 43) ("Petitioner's Motion"). Respondents filed an opposition to that motion on January 10, 2014 (dkt. no. 47). Stroup did not reply.

In his motion, Stroup requests "an order mandating the Nevada Department of Corrections ("NDOC") at Northern Nevada's Correctional Center at Carson City, Nevada, and Sergeant Wagner, to release and return to petitioner (5) five boxes of petitioner's legal materials that [were] taken August 27, 2013, there." (Petitioner's Motion, p. 1.) Stroup states in his moving papers that, over the years, during the litigation of the appeal of his conviction and his post-conviction litigation in state and federal court, he accumulated eight (8) boxes of legal materials. (Declaration of Bobby Jehu Stroup, attached to Petitioner's Motion, pp. 1-2.) Stroup states that, in 2011 and 2012, he was transferred temporarily to the Northern Nevada Correctional Center ("NNCC") in Carson City, Nevada, and, during that temporary transfer, was allowed to keep seven (7) boxes of legal materials. (*Id.*) Stroup states that in February 2013, he was again transferred to NNCC, and was allowed to take eight (8) boxes of legal materials with him. (*Id.*) Stroup states that, then, in October 2013, when he was set to be transferred back to ESP, a Sergeant Wagner at NNCC told him that he could have only three (3) boxes of legal materials, and that he had to choose three (3) of the boxes, at random, for transport back to ESP. (*Id.*) Citing *Bounds v. Smith*, 430 U.S. 817 (1977), and *Johnson v. Avery*, 393 U.S. 483 (1969), Stroup argues that the prison officials' arbitrary and capricious application of prison policy has violated his constitutional right to meaningful access to the courts. (Petitioner's Motion, p. 2.)

In their opposition to the motion, the respondents provide the Court with Administrative Regulation (AR) 722, which sets forth the NDOC's policies regarding possession of legal materials by inmates. (*See* Exhibit 1 to Opposition to Petitioner's Motion.) AR 722 limits Nevada prisoners to three (3) boxes of legal materials. Respondents also submit with their opposition to Stroup's motion a declaration of Elizabeth Walsh, an associate warden at NNCC. Walsh states that "[t]he limitation on legal boxes is necessary to, among other things, ensure that prison facilities comply with applicable fire codes and regulations." (Declaration of Elizabeth Walsh, Exhibit 2 to Opposition to Petitioner's Motion, p. 1.) Walsh states, further, that "inmates who require

more than three legal boxes may appeal the limitation through the inmate grievance process." (*Id.*)

In her declaration, Walsh goes on to provide an update regarding Stroup's possession of legal materials, stating the following regarding events that took place after Stroup filed his motion.

> On December 5, 2013, Bobby Jehu Stroup, NDOC #68623 ("Stroup"), was transferred to NNCC. Upon his arrival, it was noted that Stroup's property included approximately nine boxes of legal documents.
>
> On January 3, 2014, I met with Stroup and advised him that he was in violation of the limitation on legal boxes. I also informed Stroup that he would be permitted to sort through and condense his legal documents to be in compliance with the limitation. Stroup stated that he did not believe he would be able to condense his legal documents to three boxes. I then told Stroup that if he was unable to comply with the limitation he would need to request permission to retain additional boxes.
>
> On January 9, 2014, I requested that a member of my staff inquire as to the status of Stroup's legal documents. This staff member reported that Stroup had begun the process of sorting through his legal documents and that Stroup stated he would decide whether to file a request to retain more than three boxes after he had finished reviewing his documents.

*Id.* at 1-2.

Stroup did not file a reply to respondents' opposition to his motion.

Based upon the moving papers, and the materials submitted in opposition to the motion, and, in particular the declarations of Stroup and Welch, the Court will deny Stroup's motion.

Claims concerning prison conditions, including claims concerning prisoners' access to the courts, are more properly raised in a civil rights complaint filed pursuant to 28 U.S.C. § 1983. A habeas corpus petition is the means for a prisoner to challenge the "legality or duration" of his confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.1991), *quoting Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973); Rule 1 of the Rules Governing Section 2254 Cases; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, a civil rights action is the proper method for a prisoner to challenge the conditions of his confinement. *McCarthy v. Bronson*, 500 U.S. 136, 141-42 (1991); *Preiser*, 411 U.S. at 499; *Badea*, 931 F.2d at 574.

Furthermore, even if the Court were inclined to entertain Stroup's motion, it appears to the Court that Stroup seeks an injunction against a state agency and an individual that are not parties to this action. In his motion, Stroup seeks what would essentially be injunctive relief against the NDOC and Sergeant Wagner; however, neither the NDOC nor Sergeant Wagner is a party to this action. The respondents are the warden of ESP, where Stroup is incarcerated, and the Attorney General of the State of Nevada. There is no showing that either of those parties could properly be subjected to an injunction as is sought by Stroup.

Moreover, even putting aside these fundamental flaws of Stroup's motion, Stroup does not make a showing that injunctive relief is warranted. To prevail on a request for injunctive relief, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir.1985), quoting *Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 521, 523 (9th Cir.1984); see also *Hartikka v. United States*, 754 F.2d 1516, 1518 (9th Cir.1985). Those two formulations represent two points on a sliding scale. *Oakland Tribune*, 762 F.2d at 1376. "Under either formulation of the test, [the moving party] must demonstrate that there exists a significant threat of irreparable injury." (*Id.*) In the absence of a significant showing of irreparability, the Court need not reach the issue of likelihood of success on the merits. (*Id.*)

Stroup has not shown any possibility of irreparable injury. A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." (*Id.* at 353.) Stroup does not demonstrate that he has suffered, or will suffer, any actual injury in this case absent injunctive relief. The record reflects that Stroup has been able to litigate this action — he filed his reply to

respondents' answer, and his petition is fully briefed and under submission to the Court. And, it is not even clear that Stroup has, in fact, ever been deprived of any legal materials related to this case. Walsh's declaration indicates that, as of January 9, 2014, more than a month after he filed his motion, Stroup still had eight boxes of legal materials, he was sorting through those boxes to determine whether he could condense his materials down to three boxes, and he would have the opportunity to request permission to retain more than three boxes if necessary. (*See* Declaration of Elizabeth Walsh, Exhibit 2 to Opposition to Petitioner's Motion.) Again, Stroup did not reply. In sum, Stroup does not demonstrate any possibility of injury, as is required by *Lewis v. Casey*. The Court finds that Stroup has not been denied access to the courts. Stroup's motion for injunctive relief must be denied.

It is therefore ordered that petitioner's Motion for Order for Return of Legal Property (dkt. no. 43) is denied.

DATED THIS 8th day of July 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE